## No. 7791.

### DANIEL FLETCHER vs. H. M. JETER.

In a contest for an office where the plaintiff alleges that the commissioners' returns have been "fraudulently changed, altered and manipulated" so as to give the defendant, the commissioned incumbent, a majority, inferior or secondary evidence cannot be resorted to without proof of the loss or destruction of the official returns.

APPEAL from the Ninth Judicial District Court, parish of Grant. *Blackman*, J.

H. L. Daigre for plaintiff and appellee:

All of the testimony, together with ballots in the boxes, proves the fact that the plaintiff, Daniel Fletcher, was elected. Now, if he was elected, could his opponent be returned and enjoy the fruits of the office without fraud being perpetrated upon him as alleged?

The answer of Jeter sets forth the fact " that he was legally elected to the office of sheriff of Grant parish at the election, November 5, 1878, by the ballots as deposited by the voters ; he was so declared by the returns of the commissioners of election, etc."

This is a special plea in his answer, and evidence received under it in aid of plaintiff's case, which would otherwise have been excluded, seems to me would be sufficient, provided the evidence was such as enabled plaintiff to make out his case. See Bullard vs. Carrollton Bank, 14 La. 189.

The very facts referred to by defendant in his answer to support him in his tenure to this office, i. e. the ballots as deposited by the voters, establish the fact that the plaintiff, Daniel Fletcher, was legally elected thereto.

R. P. Hunter, Alphonse Cazabat, W. L. Richardson for defendant and appellant.

No brief was sent to the reporter in behalf of the defendant.

The opinion of the court was delivered by

MARR, J. Plaintiff alleges that, at the general election, 5th November, 1878, he was duly and legally elected sheriff of Grant parish ; that the commissioners' returns of the different precincts show a majority in his favor of about seventy-seven votes ; and that the returning officers, Charles R. Nugent, sheriff, H. G. Goodwin, A. Hayes, and W. L. Richardson, with other persons, have fraudulently changed, altered, and manipulated the returns so as to give Jeter a majority.

The defendant Jeter claims to have been elected by the ballots as deposited by the voters. He was declared elected by the official returns as promulgated and published by the Secretary of State ; and he

26

received his commission, took the oath of office, gave bond, and entered· upon the discharge of his official duties.

This case differs in no respect from that of McKnight vs. Ragan,. 31 An. 289, except that the office of parish judge was the subject of the contest in the McKnight's case; and that the verdict and judgment in this case were in favor of plaintiff, against the commissioned incumbent,. whereas, in McKnight case the defendant, the commissioned incumbent, was maintained in his office. This case was tried immediately after that of McKnight; and the testimony in that case was offered and received in this case.

If the Secretary of State did his duty, as we must presume he did,. he had before him, when he made up and promulgated the results of this election, the official return, made by the sheriff, and certified to be correct by the clerk of the court, and the tally-sheets of the several precincts, from which the official return was made. The comparison of these official proofs of the results of the election would have shown whether or not the returns of the commissioners of the different precincts had been "fraudulently changed, altered, and manipulated," as· charged in the petition; and inferior or secondary evidence cannot be· resorted to, without proof of the loss or destruction of the official returns.

Practically this controversy is reduced now to the right to the fees· and emoluments of the office of sheriff. Possibly plaintiff may be able to prove, by competent testimony, the serious charges, involving official' corruption, perjury, and forgery, upon which he based his right of action; and we shall remand the case, as we did McKnight's case, to afford him an opportunity to produce and offer such proof if he can.

The verdict of the jury is set aside; the judgment appealed from is· avoided and reversed; and the cause is remanded for further proceedings according to law, appellee, plaintiff, paying the costs of this appeal,. the costs in the district court to abide the final result.